**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Michael Piotrowski,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-01134-PHX-DWL<br><br>**ORDER** |

On April 13, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On June 24, 2019, Magistrate Judge Burns issued a Report and Recommendation ("R&R") concluding the petition should be denied and dismissed with prejudice. (Doc. 16.) Afterward, Petitioner filed written objections to the R&R (Docs. 22, 23) and Respondents filed a response (Doc. 27). For the following reasons, the Court will overrule Petitioner's objections and deny his petition.

I.  Background

   A.  **The Underlying Incident**

On May 18, 2011, Detective Zygmont of the Glendale Police Department was conducting surveillance of Petitioner. (Doc. 10-4 at 22-23, 27.) When Petitioner left in a pickup truck with two people, Detective Zygmont followed him with a team of officers. (*Id.* at 29.) After the truck pulled into the parking lot of a store, Detective Zygmont stopped the truck. (*Id.* at 29-31.) Petitioner was seated in the middle of the front seat, with the driver and another passenger on either side of him. (*Id.* at 32-33, 96.)

When Detective Zygmont ordered the truck's occupants to put their hands up, everybody but Petitioner complied. (*Id.* at 33-34.) The driver had his hands up and his foot on the brake. (*Id.* at 35-37.) Petitioner, however, leaned over toward the gearshift and the truck lunged forward. (*Id.* at 35, 77.) Officers opened the door on the driver's side and the driver turned off the truck. (*Id.* at 37.) As officers were trying to pull the driver out of the truck, Petitioner "reached over and started the vehicle, turned the ignition back on and began to reach over with his left foot and slam on the gas." (*Id.* at 38.) Detective Zygmont "[a]bsolutely" believed he was "in danger at that point in time." (*Id.*) Petitioner succeeded in putting the truck into drive, and it lunged forward several feet while one of the officers was halfway into the driver's compartment. (*Id.* at 39, 82–83.) Each time the truck lunged forward, Detective Zygmont feared he would be pulled under it. (*Id.* at 39–40.) Detective Zygmont testified that, at one point, he was struck on the arm by the truck's door. (*Id.* at 117-18 ["It is my belief that I was struck in the arm by the door."].)

After the truck's third and final lunge, Petitioner reached under the seat as he continued thrashing about. (*Id.* at 40.) Believing that Petitioner was attempting to grab a weapon, Detective Zygmont used a Taser to subdue him. (*Id.* at 40–42.) A different officer later searched Petitioner's sock and found "[a] white rocky substance" (methamphetamine) and "a glass pipe." (*Id.* at 126-28.)

B. **The State Proceedings**

On May 26, 2011, Petitioner was indicted by a state grand jury on various charges. (Doc. 10-1 at 4-7.)

On February 23, 2012, following a four-day jury trial, Petitioner was convicted of one count of aggravated assault on a police officer (Detective Zygmont) and one count of possession or use of dangerous drugs. (Doc. 10-1 at 40-50.)

On March 9, 2012, Petitioner's trial counsel filed a motion for new trial. (Doc. 10-1 at 51-55.) In a nutshell, Petitioner's trial counsel argued that the aggravated assault conviction was contrary to the weight of the evidence. (*Id.* at 52-53.)

On April 20, 2012, the trial judge denied Petitioner's motion for new trial and then

sentenced Petitioner to 15.75 years' imprisonment on the aggravated assault count and 10 years' imprisonment on the drug count, to run concurrently. (Doc. 10-1 at 62-66.) Petitioner was later sentenced to additional time for violating his terms of probation arising from earlier convictions. (Doc. 16 at 3-4.)

On March 18, 2013, Petitioner filed (through appointed counsel) his opening brief in his direct appeal to the Arizona Court of Appeals. (Doc. 10-1 at 85-102.) This brief only challenged the sentences arising from the probation violations (*id.* at 86)—it did not assert any claims concerning the propriety of the aggravated assault conviction.

On January 14, 2014, the Arizona Court of Appeals affirmed Petitioner's convictions and sentence. (Doc. 10-1 at 152-59.)

On June 23, 2014, Petitioner filed a *pro se* notice of post-conviction relief ("PCR"). (Doc. 10-2 at 4-7.)[1]

On June 27, 2014, the trial court issued an order appointing counsel to represent Petitioner in the PCR proceeding. (Doc. 10-2 at 9-10.)

On November 24, 2014, Petitioner's court-appointed counsel filed a notice certifying that, "having corresponded with petitioner, reviewed the trial and appellate record and all relevant transcripts, [counsel] is unable to find a colorable issue to submit to the court . . . ." (Doc. 20-2 at 15.)

On August 4, 2016, a different attorney filed a supplemental PCR petition and brief on Petitioner's behalf. (Doc. 10-2 at 39-58.) The first ground for relief was that the aggravated assault conviction violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments because "the State failed to prove two fundamental elements of aggravated assault upon Detective Zygmont. First, it failed to prove that Defendant acted with the intent to cause anyone to be placed in reasonable apprehension or fear of harm. Second, it failed to prove the fear to which Detective Zygmont testified was reasonable." (*Id.* at 45-50.) The second ground for relief was that Petitioner's sentence was disproportionate and excessive in light of the fact that Detective Zygmont merely

---

[1] Petitioner filed a different PCR notice in September 2012 (Doc. 10-1 at 161-64) but was later allowed to withdraw it as premature (Doc. 10-2 at 2).

"complained of some wrist pain" following the incident. (*Id.* at 50-53.) The third ground for relief was that Petitioner wasn't fully advised by trial counsel of the consequences of rejecting the plea offer. (*Id.* at 53-55.)

On February 26, 2017, the trial court issued an order denying the PCR petition. (Doc. 10-2 at 80-83.)

On May 2, 2017, Petitioner filed (through counsel) a petition for review with the Arizona Court of Appeals. (Doc. 10-2 at 85-100.)

On January 25, 2018, the Arizona Court of Appeals issued a memorandum decision in which it granted Petitioners' request for review but denied relief. (Doc. 10-2 at 114-15.)

### C. **Federal Proceedings**

On April 13, 2018, Petitioner filed his habeas petition. (Doc. 1.) It asserts three grounds for relief.

▪ In Ground One, Petitioner asserts a claim of ineffective assistance against his trial and appellate counsel for failing to challenge his assault conviction. (*Id.* at 6-7.) Specifically, Petitioner argues that, although his trial counsel filed a motion for new trial premised on the argument that the assault conviction was against the weight of the evidence, his counsel should have also raised sufficiency-of-the-evidence and constitutional challenges to that conviction. (*Id.*)

▪ In Ground Two, Petitioner asserts a claim of ineffective assistance against his trial and appellate counsel "for failure to raise violation of 'due process and fair trial' when the state elicited 'prior bad acts' testimony about Petitioner from the detective during direct examination and the court[']s failure to find 'cause' for a mistrial violated Petitioner[']s Fifth, Sixth and Fourteenth Amendment[ rights]." (*Id.* at 9-10.)

▪ In Ground Three, Petitioner asserts a claim of ineffective assistance against his trial and appellate counsel "for failure to raise violation of 'due process and fair trial' at sentencing which violated Petitioner[']s Fifth, Sixth and Fourteenth Amendment[ rights]." (*Id.* at 11-12.) Specifically, Petitioner contends that his trial and appellate counsel should have argued "that the sentencing court committed 'plain error' when it found it was

'mandated' to sentence Petitioner to consecutive terms for the 2007 and 2008 cases to the 2011 case." (*Id.*)

On June 24, 2019, the R&R was issued. (Doc. 16.)

II. <u>Summary Of R&R</u>

The R&R concludes the petition should be denied and dismissed with prejudice because all three of Petitioner's claims are procedurally defaulted without excuse. (Doc. 16 at 16.)

As a threshold matter, the R&R observes that, in general, a state prisoner must exhaust his remedies in state court before seeking habeas relief in federal court. (*Id.* at 5-8.) The R&R further observes that, because Petitioner didn't assert any of the claims identified in his petition during the state-court proceedings, those claims must be deemed procedurally defaulted unless Petitioner can establish, under *Martinez v. Ryan*, 566 U.S. 1 (2012), that the ineffective assistance of his PCR counsel qualifies as "cause" for the procedural default. (*Id.* at 9-10.) Finally, the R&R observes that, to establish "cause" under *Martinez*, a habeas petitioner must show both that (1) PCR counsel's failure to raise the claim was itself ineffective, and (2) the underlying ineffective-assistance claim is "substantial," meaning it "has some merit." (*Id.*)

With respect to Ground One (ineffective assistance—failure to raise a sufficiency of the evidence/constitutional challenge to the aggravated assault conviction), the R&R concludes that Petitioner cannot meet the *Martinez* standard because his trial counsel actually moved for a new trial based on the inadequacy of the evidence yet the trial court denied that motion. (*Id.* at 10-11.) Given this outcome, the R&R concludes that "Petitioner can not meet the prejudice prong, as he can not demonstrate that the trial court would have granted the motion had he asserted a constitutional violation." (*Id.*) The R&R further notes that, to the extent Petitioner is seeking to assert an ineffective assistance claim against the attorney who represented him during his direct appeal in state court, that claim fails for the additional reason that "the *Martinez* exception does not apply to claims of ineffective assistance of appellate counsel." (*Id.*, citation omitted.)

1    With respect to Ground Two (ineffective assistance—failure to challenge the "prior bad acts" testimony), the R&R concludes that Petitioner cannot meet the *Martinez* standard because (1) his trial counsel repeatedly objected when a witness referred to his prior bad acts and even moved for a mistrial based on that testimony,[2] (2) the trial court "gave the jury a curative instruction" based on the improper testimony, and (3) there was ample evidence to support the assault conviction, including testimony that Detective Zygmont was struck on the arm by the vehicle. (*Id.* at 11-15.) The R&R thus summarizes: "Petitioner's claim of ineffective assistance of counsel is not a substantial one. He does not demonstrate that his trial counsel was ineffective, or that, even if counsel was ineffective, that he was prejudiced; thus, Petitioner does not demonstrate cause under *Martinez* to excuse his procedural default of the claim." (*Id.* at 15.)

With respect to Ground Three (ineffective assistance—failure to raise a sentencing challenge), the R&R concludes that Petitioner cannot meet the *Martinez* standard because (1) he did not develop, or cite any authority in support of, his argument that the trial court would have declined to impose consecutive sentences if his trial counsel had raised a "plain error" objection, (2) the Arizona Court of Appeals specifically held, when affirming his sentence on direct appeal, that the imposition of consecutive sentences was correct and mandated by Arizona law, and (3) in any event, "errors in the application of state law are not cognizable in habeas corpus proceedings." (*Id.* at 16.)

III.    Legal Standard

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that

---

[2] On this point, the R&R elaborates that although "the witness's comments were non-responsive, unprofessional, and appeared to be meant to prejudice Petitioner, Petitioner's claim of ineffective assistance of counsel lacks analysis and is factually inaccurate, in that Petitioner's counsel did repeat his request for a mistrial after the third objectionable comment." (*Id.* at 14.)

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

IV. Analysis

Petitioner asserts, at the outset of his objections, that the R&R's discussion of procedural-default principles is erroneous because "they do not apply when Petitioner has raised all his/her grounds under *Martinez v. Ryan* . . . ." (Doc. 22 at 2.)

This argument lacks merit. Petitioner seems to misinterpret *Martinez* as holding that a habeas petitioner can automatically avoid a finding of procedural default by simply asserting that PCR counsel was ineffective in failing to raise a particular argument. As the R&R correctly notes, this interpretation is inaccurate—a habeas petitioner seeking to invoke *Martinez* to avoid a finding of procedural default needs to make certain additional showings.

Petitioner argues his first claim for relief is "substantial" because Detective Zygmont admitted, during cross-examination, that he was never in the direct path of the truck and never saw Petitioner point the steering wheel toward him. (*Id.* at 2-3.) Thus, Petitioner argues that "the state did not meet its burden of proof to establish guilt of aggravated assault" and "Petitioner 'objects' strenuously to R&R as to default and insubstantial." (*Id.* at 3.)

These arguments are unavailing. Petitioner fails to acknowledge that his trial counsel moved for a new trial based on the inadequacy of the evidence concerning the assault, yet the trial court denied that motion. Petitioner has not attempted to explain why the trial court would have ruled in his favor had his counsel sought a different form of relief (*i.e.,* a directed verdict rather than a new trial) based on the same general argument and/or

repackaged the argument as a constitutional challenge. Moreover, the evidence was legally sufficient to support the jury's verdict—as noted, Detective Zygmont testified he was struck on the arm by the truck, and feared for his safety, due to Petitioner's wild attempts to escape.

Petitioner argues his second claim for relief is substantial because the R&R "is in direct contradiction to the evidence Petitioner has shown from the record." (*Id.* at 4.) Petitioner does not, however, purport to identify any specific portions of the record that contradict the R&R's analysis. Also, Petitioner fails to address—much less demonstrate the inaccuracy of—the R&R's conclusion that he can't show prejudice concerning his second claim because his trial counsel repeatedly objected to the other-acts testimony, moved for a mistrial based on that testimony, and obtained a curative objection from the judge.

Petitioner does not address his third claim for relief (sentencing error) and has thus forfeited any objection to the R&R's rejection of it. *See, e.g., Thomas,* 474 U.S. 140 at 149-50; *Reyna-Tapia*, 328 F.3d at 1121.

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 16) is **accepted**;

(2) The petition (Doc. 1) is **denied**;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 30th day of September, 2019.

Dominic W. Lanza
United States District Judge